Filed 2/28/22  P. v. McAlister CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093699 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05640) |
| v. | |
| GABRIEL MCALISTER, | |
| Defendant and Appellant. | |

A jury found defendant Gabriel McAlister guilty of first degree murder in the death of Timothy Schweiss, despite being unable to reach a decision on the allegations defendant personally discharged a firearm causing death or that the murder occurred during an attempted robbery.  In 2019, after passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing pursuant to

1

Penal Code section 1170.95.[1]  The trial court relied on our unpublished opinion in defendant's appeal of his conviction to determine that defendant failed to make a prima facie showing of entitlement to relief, and denied the petition.  Defendant argues the trial court erred in determining the evidence supported a finding he is ineligible for relief as a matter of law without first issuing an order to show cause and holding a hearing.  The People concur in defendant's request for remand.  We agree with the parties, and remand for further proceedings.

BACKGROUND

As recounted in our prior unpublished opinion:  "Marcus Logan and [defendant] were convicted by jury of murdering . . . Schweiss.  The prosecution's theory was that Logan, [defendant], and another man, [codefendant] Marlyn Stewart, lured Schweiss into an apartment complex to rob him; during the commission of that robbery, [defendant] pulled out a handgun and shot Schweiss in the abdomen.  Each defendant was charged with first[ ]degree murder and attempted robbery.  With respect to the murder count, it was alleged as a special circumstance that the murder was committed during an attempted robbery.  With respect to each count, it was also alleged [defendant] personally discharged a firearm causing death.  Following a joint trial before a single jury, [defendant] was convicted of first[ ]degree murder, but the jury could not reach a unanimous verdict with respect to the attempted robbery count, the special circumstance allegation, or the firearm enhancement allegation."  (*People v. Logan* (May 22, 2017, C078017) [nonpub. opn.] (*Logan*).)

Defendant appealed his conviction arguing, in part, that there was insufficient evidence to support his murder conviction.  We determined it was not clear from the record which theory of guilt the jury relied upon to convict:  felony murder or

---

[1]  Undesignated statutory references are to the Penal Code.

premeditation and deliberation.  Defendant did not challenge the sufficiency of the evidence to support his conviction under a felony-murder theory, and we concluded that even if he had, substantial evidence supported the conviction on a theory of premeditation and deliberation.  (*Logan, supra,* C078017.)

On April 8, 2019, after passage of Senate Bill 1437, defendant filed a petition for resentencing pursuant to section 1170.95.  The petition stated that an information filed against him allowed the jury to find him guilty under a theory of felony murder or under the natural and probable consequences doctrine; at trial he was convicted of first or second degree murder; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189.

The trial court appointed counsel, and the parties submitted briefing.  On March 2, 2021, the trial court denied the petition, finding defendant had not made a prima facie showing that he was entitled to relief.  The trial court reviewed the record of conviction, including our ruling on the appeal of defendant's murder conviction, and found:  "as determined by the Third District Court of Appeal, the <u>evidence is sufficient</u> to support <u>malice aforethought murder</u>, a theory of murder that has survived [Senate Bill] 1437.  The evidence being sufficient to show malice aforethought murder, as a matter of law, defendant . . . is not a person who 'could not be convicted' of a theory of murder that has survived [Senate Bill] 1437."

## DISCUSSION

*Overview of Senate Bill 1437*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as

3

amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95[2] to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) Pursuant to subdivision (c): "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Our Supreme Court has interpreted this language to require only a single prima facie showing. (*People v. Lewis* (2021) 11 Cal.5th 952.)

At the order to show cause hearing, the burden of proof is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. Both the People and the petitioner may rely on the record of conviction, including an appellate opinion in the case, and may also present new and additional evidence to demonstrate the

---

[2] Unless otherwise indicated, references in this opinion to section 1170.95 refer to the version in effect at the time the trial court ruled on the petition. (Stats. 2018, ch. 1015, § 4.) The Legislature further amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). This amendment to section 1170.95 has no impact on the issues raised by this appeal.

petitioner is, or is not, entitled to resentencing. (§ 1170.95, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

### *Defendant Made a Prima Facie Showing of Entitlement to Relief*

Defendant argues the trial court erred in relying on the record of conviction, including our unpublished appellate opinion, to determine he failed to make a prima facie showing of entitlement to relief. However, our Supreme Court recently held that the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing they fall within the provisions of section 1170.95. (*People v. Lewis, supra,* 11 Cal.5th at pp. 970-971.)

Defendant also argues the trial court erred by finding our appellate opinion, addressing defendant's conviction, provides sufficient basis to bar defendant from relief as a matter of law. Defendant asserts our opinion acknowledged that it was unclear whether the jury relied on felony murder or premeditation and deliberation to convict defendant of first degree murder. In light of this ambiguity, defendant argues it was error for the trial court to conclude that as a matter of law, defendant could be convicted under a still-viable theory of murder. The People agree.

We previously concluded that defendant's murder conviction was supported by substantial evidence because, regardless of whether sufficient evidence supported every theory of liability advanced by the prosecutor, there was sufficient evidence that defendant acted with premeditation and deliberation. (*Logan, supra*, C078017.) There is nothing in the record that indicates which theory the jury adopted, or whether some jurors relied on one theory while other jurors relied on another. Thus, the record does not preclude the possibility that the jury found defendant guilty on a theory of felony murder. We therefore cannot say, and did not previously decide (contrary to the trial court's assertion), that defendant possessed the intent to kill as a matter of law.

5

We conclude the record of conviction does not conclusively establish defendant is ineligible for relief as a matter of law.  We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under amended section 1170.95, subdivision (c), and hold a hearing under amended section 1170.95, subdivision (d).  (§ 1170.95, as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under amended section 1170.95.



/s/
HOCH, J.


We concur:


/s/
RAYE, P. J.


/s/
DUARTE, J.